REQUESTED BY: Senator Ernest Chambers Nebraska State Legislature 354 State Capitol Lincoln, Nebraska 68509
Dear Senator Chambers:
This is in reply to your inquiry pertaining to LB 414 of the Eighty-Eighth Legislature, First Session (1983). That legislative bill, as amended on February 22, 1983, would amend Neb.Rev.Stat. § 79-604.01 (Reissue 1981) to provide, in part, that all infants born in the State of Nebraska shall be screened for phenylketonuria and primary hypothyroidism except that `no infant shall be screened if a parent or guardian objects thereto on the grounds that such a screening is contrary to the religious tenets of an established church of which he or she is a member or adherent.' In connection therewith you have asked five questions. We have considered each of your five questions, but in view of the conclusion we have reached with respect to your third question, that is the only one that needs to be discussed here.
What is an `established' church? How is such status established?
LB 414 does not define the meaning of an `established church.' Hence, its meaning is somewhat uncertain or indefinite. For example, is an `established church' a church which was brought into existence on or before or after a specific date? Or, is an `established church' a church which has gained recognition or acceptance by a certain segment of society and if so, what segment? Webster's NewCollegiate Dictionary defines an `established church' as a `church recognized by law as the official church of a nation and supported by civil authority.' The foregoing are just a few of the uncertainties associated with the phrase `established church' in Section 1 of LB 414.
It is a basic principle of due process that an enactment is void for vagueness if its commands are not clearly defined. Grayned v. City of Rockford, 408 U.S. 104
(1972). Vague laws offend several important values. First, man is free to steer between lawful and unlawful conduct. Consequently, courts quite properly insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. Where, as here, a specific phrase (`established church') can have several different meanings and is connected with the legislative bill as a whole, we can only conclude the above quoted amendment is vague and as a result, LB 414 is unconstitutional.
Very truly yours, PAUL L. DOUGLAS Attorney General Harold Mosher Assistant Attorney General